UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

YEHIA S. HUSSEIN,

                                                           CASE NO. 25-00113-5-PWM
                                                           CHAPTER 11

DEBTOR.

---

| YEHIA S. HUSSEIN, | |
|---|---|
| *Plaintiff,* | |
| vs. | ADV. PRO. NO. _____ |
| L&W SUPPLY CORPORATION | |
| *Defendant.* | |

---

**COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND EXTENT OF
LIENS**

---

NOW COMES Yehia S. Hussein ("Plaintiff" or "Debtor"), by and through undersigned counsel, and complaining of the Defendant, and alleges and says:

**IDENTIFICATION OF THE PARTIES**

1.      On January 11, 2025, Plaintiff filed his voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code, commencing the above captioned bankruptcy case. George M. Oliver, III was appointed as the Subchapter V trustee.

2.      Plaintiff is an individual and resident of Wake County, North Carolina.

3.      Defendant L&W Supply Corporation ("Defendant"), upon information and belief, is a Delaware corporation, authorized to do business in North Carolina,

with a registered mailing address of 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

4.      The Debtor is the sole shareholder of Tri-City Services, Inc. ("Tri-City").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

6.      This Adversary Proceeding constitutes a core proceeding by virtue of 28 U.S.C. § §157(b)(2)(H).

7.      Venue is proper in this Bankruptcy Court as to the Debtor under 28 U.S.C. §§ 1408 and 1409, as all of the actions complained of and giving rise to the claims alleged herein arose in this judicial district.

## FACTUAL BACKGROUND AND ALLEGATIONS

8.      The Debtor and his non-filing spouse Moshira Hussein own certain real property located at 105 Blue Granite Drive, Holly Springs, North Carolina (the "Property") as tenants by the entireties.

9.      The Property is encumbered by a first priority lien currently serviced by RoundPoint Mortgage Servicing, LLC.

10.     Tri-City purchased materials from Defendant.

11.     After falling behind in payments on the account, the Debtor, Tri-City, and Defendant reached an agreement to enter into a payment plan. This payment plan was set forth in a Settlement Agreement, whereby the Debtor and Tri-City would make payments to Defendant over a period of four months, execute a confession of

judgment, and execute a second priority deed of trust on the Property.

12.     Upon information and belief, the Settlement Agreement was drafted by Defendant or Defendant's counsel.

13.     Plaintiff and Tri-City were not represented by counsel at this time.

14.     The last page of the Settlement Agreement says it is executed "this ___ day of November, 2023." No day of the month was filled in the blank. The Settlement Agreement contains no other dates. A copy of the Settlement Agreement is attached hereto as Exhibit A.

15.     The Debtor is not in possession of a copy of the Settlement Agreement signed by Tri-City or the Debtor's spouse.

16.     The Debtor and Tri-City also executed a Confession of Judgment, which was to be held and only recorded in the event of a default in payments due under the Settlement Agreement.  According to the dates and notary block in the Confession of Judgment, the Debtor signed it on January 18, 2024 and on November 18, 2023.  The notary block states that the Debtor executed the Confession of Judgment on behalf of Tri-City on January 18, 2024. A copy of the Confession of Judgment is attached hereto as Exhibit B.

17.     The Debtor's spouse did not execute the Confession of Judgment.

18.     Tri-City also executed a Commercial Security Agreement dated November 27, 2023. A copy of this Commercial Security Agreement is attached hereto as Exhibit C.

19.     The Commercial Security Agreement states that it secures all

obligations of Tri-City however created, but does not reference a specific obligation. The Debtor did not execute the Commercial Security Agreement.

20.      On or about January 31, 2024, a North Carolina Deed Of Trust (the "Deed of Trust") was recorded in Book 019529, Page 01424 of the Wake County Registry, purporting to encumber the Property. A copy of the Deed of Trust attached hereto as Exhibit D.

21.      The Deed of Trust states that "Grantor is indebted to the Beneficiary in the principal sum of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.20) Dollars, as evidenced by a Settlement Agreement of even date herewith, the terms of which are incorporated by reference."

22.      The Deed of Trust reflects that it is made "this _____ day of December, 2023." No day of the month was filled in the blank recorded with the Wake County Registry.

23.      According to the notary block, the Deed of Trust was signed by the Debtor and his spouse on January 18, 2024.

24.      No other reference is made in the Deed of Trust to the Settlement Agreement. Instead, the Deed of Trust repeatedly refers to a "Note" when referencing the debt secured by the Deed of Trust.

25.      The Deed of Trust does not contain any other information identifying the debt secured.

26.      On or about May 8, 2024, the Confession of Judgment was recorded against the Debtor and Tri-City in Wake County Superior Court, Case Number

24CV014270-910.

27.    On or about August 2, 2024, Defendant, through the substitute trustee, commenced a foreclosure proceeding in Wake County, Case Number 24SP001662-910.

28.    On or about September 23, 2024, an Affidavit of Petitioner was filed by Defendant in the foreclosure action. In this Affidavit of Petitioner, Defendant referenced being the holder of a "Consent Judgment" and Deed of Trust, copies of which were attached to the Affidavit of Petitioner. The Confession of Judgment (despite being referred to as a Consent Judgment) and Deed of Trust were both attached to the Affidavit of Petitioner.  A copy of this Affidavit of Petitioner is attached hereto as Exhibit E.

29.    The Affidavit of Petitioner refers to a "Note" in various places instead of the Consent Judgment or Confession of Judgment.

30.    The Settlement Agreement was not referenced in the Affidavit of Petitioner, nor was it otherwise filed in the foreclosure proceeding.

31.    Upon information and belief, no Settlement Agreement dated "the ____ day of December, 2023" exists.

32.    Upon information and belief, no promissory note or other debt instrument was executed by the Debtor dated "the ____ day of December, 2023" or in December 2023.

33.    Upon information and belief, Defendant claims that it has a security interest and lien upon the Property as a result of the Deed of Trust.

34.    Pursuant to 11 U.S.C. § 544, the lien of the Defendant under the Deed of Trust is unenforceable against the Debtor-in-Possession, and should be avoided on the grounds that said lien was not valid or properly perfected prior to the bankruptcy petition filing.

WHEREFORE, the Plaintiff respectfully prays of the Court as follows:

1.    That the Court issue an Order stating that Defendant has no valid lien against the Property arising out of or relating to the claim described in the Deed of Trust;

2.    That the Court issue an Order directing cancellation of the deed of trust on the public record;

3.    That the costs of this action be taxed against the Defendant; and

4.    For such other and further relief as this Court deems just and proper under the circumstances.

This the 4th day of February, 2025.

s/Laurie B. Biggs
LAURIE B. BIGGS
N.C. State Bar No. 31845
lbiggs@biggslawnc.com
Joseph A. Bledsoe, III
N.C. State Bar No. 19817
jbledsoe@biggslawnc.com
Biggs Law Firm, PLLC
9208 Falls of Neuse Road, Suite 120
Raleigh, NC 27615
(919) 375-8040

# EXHIBIT A

| | |
|---|---|
| STATE OF NORTH CAROLINA ) | |
| ) | |
| COUNTY OF WAKE ) | |
| ) | |
| L&W Supply Corporation, ) | |
| ) | |
| Plaintiff, ) | **SETTLEMENT AGREEMENT** |
| ) | |
| v. ) | |
| ) | |
| Tri-City Service, LLC, Yehia Shaaban ) | |
| Ahmed Hussein aka Yehia Hussein and ) | |
| Moshira Hassana Ahmed Hussein, ) | |
| ) | |
| Defendants. ) | |

WHEREAS, L&W Supply Corporation ("Plaintiff") supplied construction materials on account to Tri-City Service, LLC ("TCS") pursuant to the terms of a Credit Application with Plaintiff dated November 4, 2020 (hereinafter the "Credit Application"), in which TCS promised to pay Plaintiff for all materials supplied to various construction projects at the request of TCS. In order to further secure payment for the supply of construction materials to TCS, Yehia Shanbein Ahmed Hussein aka Yehia Hussein agreed to personally guarantee any and all amounts owed by TCS on its account with Plaintiff as set forth in the Credit Application. Moshira Hassana Ahmed Hussein is the spouse of Yehia Shaaban Ahmed Hussein aka Yehia Hussein and is the co-owner of that certain real property located at 105 Blue Granite Drive, Holly Springs, NC 27540. TCS and Yehia Shaaban Ahmed Hussein aka Yehia Hussein only may be referred to hereinafter collectively as "Defendants." Moshira Hassana Ahmed Hussein shall not be included in the phrase "Defendants" listed below. Pursuant to the terms of the Credit Application, Plaintiff supplied materials to TCS for use in various construction projects throughout Wake County, North Carolina, and the surrounding area. There is now an outstanding balance on TCS's account with Plaintiff in the sum of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars as a result of Plaintiff's supply of materials to TCS for its use in the construction of the aforementioned projects; and

WHEREAS, the parties have reached an agreement for payment of the balance due, as set forth herein,

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      Defendants shall pay Plaintiff the sum of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars as follows: Three (3) consecutive monthly

payments of Two Hundred Fifty Thousand and 00/100 ($250,000.00) Dollars beginning on December 15, 2023 and continuing on the fifteenth (15th) day of each month thereafter; and One (1) final payment of Fifty-Two Thousand Four Hundred Eighty and 24/100 ($52,480.24) Dollars due no later than March 1, 2024. Payments are to be in certified funds made payable to L&W Supply Corporation and mailed or delivered to the following address:

> L&W Supply Corporation
> 5000 Trademark Drive
> Raleigh, NC 27610

There will be no penalty for early payment of the principal balance and any early payments shall be applied solely to reduce the final payment amount;

2.    Should Defendants fail to make timely payment for two or more payments pursuant to Paragraph 1 of this Settlement Agreement, Plaintiff shall have the right to immediately file, without further notice to Defendants, the attached Confession of Judgment;

3.    Upon execution of this Settlement Agreement, Defendants shall execute and deliver to Plaintiff the attached Confession of Judgment in the amount of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars. Plaintiff further agrees not to file the executed Confession of Judgment with the Court or take any action to enforce said judgment unless Defendants fail to make payments as required under this Settlement Agreement, at which time the Confession of Judgment may be filed by Plaintiff;

4.    Additionally, in order to further secure payment as set forth hereinabove, Yehia Shaaban Ahmed Hussein aka Yehia Hussein and Moshira Hassana Ahmed Hussein shall, upon execution of this Settlement Agreement, execute and deliver to Plaintiff the attached Deed of Trust in the amount of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars encumbering that certain real property and improvements thereon located

2

at 105 Blue Granite Drive, Holly Springs, NC 27540 bearing Wake County (NC) REID #0438978. Plaintiff further agrees not to take any action related to the aforementioned deed of trust unless Defendants fail to make payments as required under this Settlement Agreement;

5.      Additionally, in order to further secure payment as set forth hereinabove, TCS shall, upon execution of this Settlement Agreement, execute and deliver to Plaintiff the attached Commercial Security Agreement encumbering the accounts receivable of TCS and allowing for the filing of a UCC-1 Financing Statement encompassing said accounts receivable;

6.      If Defendants make all payments to Plaintiff as required by Paragraph 1 of this Settlement Agreement, Defendants will be released from any further liability under this Settlement Agreement, the Confession of Judgment shall be rendered null and void, the Deed of Trust will be satisfied, the Commercial Security Agreement shall terminate and the UCC-1 Financing Statement shall be terminated;

7.      In the event that any payment required in Paragraph 1 is not paid when due, and said default is not cured within five (5) business days after Plaintiff gives written notice of said default to Defendants by certified mail, return receipt requested at 105 Blue Granite Drive, Holly Springs, NC 27540 and via e-mail to yehia@tri-cityservice.com, Plaintiff shall have the right, without further notice to Defendants, to file the Confession of Judgment in the office of the Clerk of Court for Wake County, North Carolina or in any other appropriate office in any county or state where Defendants may own assets, take all action to enforce and foreclose upon the deed of trust and enforce the terms of the Credit Application, Commercial Security Agreement and this Agreement. Failure to exercise the right to file the Confession of Judgment shall not constitute a waiver of the right to do so in the event of any subsequent default. In the event of default by Defendants, Defendants shall be entitled to credit for any and all partial payments made up to the

date of default and the same shall be noted with in the filing of the attached Confession of Judgment, Further, in the event of default by Defendants, interest on the past due amount shall incur interest at the rate of one and one-half of one percent (1.50%) per month until the total balance is paid in full;

8.    The parties hereto submit and consent to jurisdiction and venue in Wake County, North Carolina for the enrollment of the aforementioned Confession of Judgment should Defendants breach the terms of this agreement;

9.    This Settlement Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and their successors, and assigns;

10.    This Settlement Agreement shall be construed and enforced in accord with the laws of the State of North Carolina;

11.    The undersigned parties declare and represent that they have read this Settlement Agreement in its entirety, that they understand the terms set forth herein and that they further acknowledge that they have had the advice of counsel in this matter and that no promise, inducement, or agreement not herein expressed has been made to them and that the instrument contains the entire agreement between the parties hereto and that the terms of this instrument are contractual and not mere recitals, and further that if any paragraph or part of this Agreement is found void or unenforceable, the remainder of this Agreement shall not be affected; and

12.    This Settlement Agreement contains the entire agreement between the parties. All other agreements, oral or written, are hereby merged into and superseded by this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto set their hands and seals this _____ day of November, 2023.

**WITNESSES:**

**Yehia Shaaban Ahmed Hussein**
**aka Yehia Hussein**

_____

_____


**Moshira Hassana Ahmed Hussein**


_____

_____

_____


**Tri-City Service, LLC**

By: _____

Print Name: _____

Its: _____

**L&W Supply Corporation**

By: _____

Print Name: _____

Its: _____

5

This the _____ day of _____, 2023.

Signed: _____

Title: _____

Recording Time, Book and Page

Tax Lot No._____

Verified by _____ Wake _____

by _____

Parcel Identifier No._____ **0638924568**_____

County on the _____ day of _____, 2023.

Mail after recording to  Lee H. Nanney, Esq. 55 Beattie Place, Suite 1200, Greenville, SC 29601

This instrument was prepared by _____ Lee H. Nanney, Esq. _____  (Without title examination)

Brief description for the Index

Being that real property located in **Wake** County, North Carolina located **105 Blue Granite Drive, Holly Springs, NC 27540**, and more specifically described with the **Wake** County, North Carolina Register of Deeds (the "Real Property") as **Parcel ID# 0638924568.**

# NORTH CAROLINA DEED OF TRUST

THIS DEED OF TRUST made this  _12_  day of _____ December _____, 2023, by and between

| GRANTOR | TRUSTEE | BENEFICIARY |
|---|---|---|
| Yehia Shaaban Ahmed Hussein aka Yehia Hussein<br>and<br>Moshira Hassana Ahmed Hussein<br>105 Blue Granite Drive, Holly Springs, NC 27540 | Lee H. Nanney, Esq.<br>Gallivan, White & Boyd, P.A.<br>55 Beattie Place, Suite 1200<br>Greenville, SC 29601 | L&W Supply Corporation<br>5000 Trademark Drive<br>Raleigh, NC 27610 |

**Enter in appropriate block for each party:  name, address, and, if appropriate, character of entity, e.g., corporation or partnership.**

The designation Grantor, Trustee and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that whereas the Grantor is indebted to the Beneficiary in the principal sum of **Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars**, as evidenced by a Settlement Agreement of even date herewith, the terms of which are incorporated herein by reference.

NOW, THEREFORE, as security for said indebtedness, advancements and other sums expended by Beneficiary pursuant to this Deed of Trust and costs of collection (including reasonable attorneys' fees) and other valuable consideration, the receipt of which is hereby acknowledged, the Grantor has bargained, sold, given, granted and conveyed and does by these presents bargain, sell, give, grant and convey to said Trustee, his heirs, or successors, and assigns the parcel(s) of land situated in  Holly Springs, Wake County, North Carolina, (the "Premises") and more particularly described as follows:

Being all of Lot 21, Stonemount Subdivision, Phase 1, as shown in Book of Maps 2017, Pages 962-967, Wake County (NC) Registry; reference to which Plat is hereby made for a more particular description of said Property.

The above-described Property being all of that property conveyed in that deed recorded in Record Book 01685, at Pages 00297-00298 to of the Wake County, NC Register's Office.

**Parcel ID# 0638924568**

TO HAVE AND TO HOLD said Premises with all privileges and appurtenances thereunto belonging to said Trustee, his heirs, successors, and assigns

forever, upon the trusts, terms and conditions and for the uses hereinafter set forth.

If the Grantor shall pay the Note secured hereby in accordance with its terms, together with interest thereon, and any renewals or extensions thereof in whole or in part, all other sums secured hereby and shall comply with all of the covenants, terms and conditions of this Deed of Trust, then this conveyance shall be null and void and may be cancelled of record at the request and the expense of the Grantor. If, however, there shall be any default (a) in the payment of any sums due under the Note, this Deed of Trust or any other instrument securing the Note and such default is not cured within ten (10) days from the due date, or (b) if there shall be default in any of the other covenants, terms or conditions of the Note secured hereby, or any failure or neglect to comply with the covenants, terms or conditions contained in this Deed of Trust or any other instrument securing the Note and such default is not cured within fifteen (15) days after written notice, then and in any of such events, without further notice, it shall be lawful for and the duty of the Trustee, upon request of the Beneficiary, to sell the land herein conveyed at public auction for cash, after having first giving such notice of hearing as to commencement of foreclosure proceedings and obtained such findings or leave of court as may then be required by law and giving such notice and advertising the time and place of such sale in such manner as may then be provided by law, and upon such and any resales and upon compliance with the law then relating to foreclosure proceedings under power of sale to convey title to the purchaser in as full and ample manner as the Trustee is empowered. The Trustee shall be authorized to retain an attorney to represent him in such proceedings.

The proceeds of the Sale shall after the Trustee retains his commission, together with reasonable attorneys fees incurred by the Trustee in such proceeding, be applied to the costs of sale, including, but not limited to, costs of collection, taxes, assessments, costs of recording, service fees and incidental expenditures, the amount due on the Note hereby secured and advancements and other sums expended by the Beneficiary according to the provisions hereof and otherwise as required by the then existing law relating to foreclosures. The Trustee's commission shall be five percent (5%) of the gross proceeds of the sale or the minimum sum of $40,124.00, whichever is greater, for a completed foreclosure. In the event foreclosure is commenced, but not completed, the Grantor shall pay all expenses incurred by Trustee, including reasonable attorneys' fees, and a partial commission computed on five percent (5%) of the outstanding indebtedness or the above stated minimum sum, whichever is greater, in accordance with the following schedule, to-wit: one-fourth (¼) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half (½) thereof after issuance of said notice; three-fourths (¾) thereof after such hearing; and the greater of the full commission or minimum sum after the initial sale.

And the said Grantor does hereby covenant and agree with the Trustee as follows:

1. INSURANCE. Grantor shall keep all improvements on said land, now or hereafter erected, constantly insured for the benefit of the Beneficiary against loss by fire, windstorm, and such other casualties and contingencies, in such manner and in such companies and for such amounts, not less than that amount necessary to pay the sum secured by this Deed of Trust, and as may be satisfactory to the Beneficiary, Grantor shall purchase such insurance, pay all premiums therefore, and shall deliver to Beneficiary such policies along with evidence of premium payment as long as the Note secured hereby remains unpaid. If Grantor fails to purchase such insurance, pay premiums therefore or deliver said policies along with evidence of payment of premiums thereon, then Beneficiary, at his option, may purchase such insurance. Such amounts paid by Beneficiary shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary. All proceeds from any insurance so maintained shall at the option of Beneficiary be applied to the debt secured hereby and if payable in installments, applied in the inverse order of maturity of such installments or to the repair or reconstruction of any improvements located upon the Property.

2. TAXES, ASSESSMENTS, CHARGES. Grantor shall pay all taxes, assessments and charges as may be lawfully levied against said Premises within thirty (30) days after the same shall become due. In the event that Grantor fails to so pay all taxes, assessments and charges as herein required, then Beneficiary, at his option, may pay the same and the amounts so paid shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary.

3. ASSIGNMENTS OF RENTS AND PROFITS. Grantor assigns to Beneficiary, in the event of default, all rents and profits from the land and any improvements thereon, and authorizes Beneficiary to enter upon and take possession of such land and improvements, to rent same, at any reasonable rate of rent determined by Beneficiary, and after deducting from any such rents the cost of reletting and collection, to apply the remainder to the debt secured hereby.

4. PARTIAL RELEASE. Grantor shall not be entitled to the partial release of any of the above described property unless a specific provision providing therefore is included in this Deed of Trust. In the event a partial release provision is included in this Deed of Trust, Grantor must strictly comply with the terms thereof. Notwithstanding anything herein contained, Grantor shall not be entitled to any release of property unless Grantor is not in default and is in full compliance with all of the terms and provisions of the Note, this Deed of Trust, and any other instrument that may be securing said Note.

5. WASTE. The Grantor covenants that he will keep the Premises herein conveyed in as good order, repair and condition as they are now, reasonable wear and tear excepted, and will comply with all governmental requirements respecting the Premises of their use, and that he will not commit or permit any waste.

6. CONDEMNATION. In the event that any or all of the Premises shall be condemned and taken under the power of eminent domain, grantor shall give immediate written notice to Beneficiary and Beneficiary shall have the right to receive and collect all damages awarded by reason of such taking, and the right to such damages hereby is assigned to Beneficiary who shall have the discretion to apply the amount so received, or any part thereof, to the indebtedness due hereunder and if payable in installments, applied in the inverse order of maturity of such installments, or to any alteration, repair or restoration of the Premises by Grantor.

7. WARRANTIES. Grantor covenants with Trustee and Beneficiary that he is seized of the Premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that he will warrant and defend the title against the lawful claims of all persons whomsoever, except for the exceptions hereinafter stated.

8. SUBSTITUTION OF TRUSTEE. Grantor and Trustee covenant and agree to and with Beneficiary that in case the said Trustee, or any successor

trustee, shall die, become incapable of acting, renounce his trust, or for any reason the holder the Note desires to replace said Trustee, then the holder may appoint, in writing, a trustee to take the place of the Trustee; and upon the probate and registration of the same, the trustee thus appointed shall succeed to all rights, powers and duties of the Trustee.

**THE FOLLOWING PARAGRAPH, 9. SALE OF PREMISES, SHALL NOT APPLY UNLESS THE BLOCK TO THE LEFT MARGIN OF THIS SENTENCE IS MARKED AND/OR INITIALED.**

9. SALE OF PREMISES. Grantor agrees that if the Premises or any part thereof or interest therein is sold, assigned, transferred, conveyed or otherwise alienated by Grantor, whether voluntarily or involuntarily or by operation of law [other than: (i) the creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the Premises; (ii) the creation of a purchase money security interest for household appliances; (iii) a transfer by devise, decent or operation of law on the death of a joint tenant or tenant by the entirety; (vi) the grant of a leasehold interest of three (3) years or less not containing an option to purchase; (v) a transfer to a relative resulting from the death of a Grantor; (vi) a transfer where the spouse or children of the Grantor become the owner of the Premises; (viii) a transfer resulting from a decree of a dissolution in marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Grantor becomes an owner of the Premises; (viii) a transfer into an inter vivos trust in which the Grantor is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the Premises], without the prior written consent of Beneficiary, Beneficiary, at its own option, may declare the Note secured hereby and all other obligations hereunder to be forthwith due and payable. Any change in the legal or equitable title of the Premises or in the beneficial ownership of the Premises, including the sale, conveyance or disposition of a majority interest in the Grantor if a corporation or partnership, whether or not of record and whether or not for consideration, shall be deemed to be the transfer of an interest in the Premises.

10. ADVANCEMENTS. If Grantor shall fail to perform any of the covenants or obligations contained herein or in any other instrument given as additional security for the Note secured hereby, the Beneficiary may, but without obligation, make advances to perform such covenants or obligations, and all such sums so advanced shall be added to the principal sum, shall bear interest at the rate provided in the Note secured hereby for sums due after default and shall be due from Grantor on demand of the Beneficiary. No advancement or anything contained in this paragraph shall constitute a waiver by Beneficiary or prevent such failure to perform from constituting an event of default.

11. INDEMNITY. If any suit or proceeding be brought against the Trustee or Beneficiary or if any suit or proceeding be brought which may affect the value or title of the Premises, Grantor shall defend, indemnify and hold harmless and on demand reimburse Trustee or Beneficiary from any loss, cost, damage or expense and any sums expended by Trustee or Beneficiary shall bear interest as provided in the Note secured hereby for sums due after default and shall be due and payable on demand.

12.     WAIVERS. Grantor waives all rights to require marshalling of assets by the Trustee or Beneficiary. No delay or omission of the Trustee or Beneficiary in the exercise of any right, power or remedy arising under the Note of this Deed of Trust shall be deemed a waiver of any default or acquiescence therein or shall impair or waive the exercise of such right, power or remedy by Trustee or Beneficiary at any other time.

13.     CIVIL ACTION. In the event that the Trustee is named as a party to any civil action as Trustee in this Deed of Trust, the Trustee shall be entitled to employ an attorney at law, including himself if he is a licensed attorney, to represent him in said action and the reasonable attorney's fee of the Trustee in such action shall be paid by the Beneficiary and added to the principal of the Note secured by this Deed of Trust and bear interest at the rate provided in the Note for sums due after default.

14.     PRIOR LIENS. Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

15.     OTHER TERMS.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

| | USE BLACK INK ONLY | _____(SEAL) Yehia Shaaban Ahmed Hussein |
| ATTEST: | | _____(SEAL) Moshira Hassana Ahmed Hussein |
| By: _____ Secretary | | |

SEAL-STAMP          NORTH CAROLINA, Durham County.

N.C. BAR Assoc. Form No. 5 1976          Printed by Agreement with the N.C. Bar Association - 1981

I, a Notary Public of the County and State aforesaid, certify that on this the *12th* day of *December*, 2023, Yehia Shaaban Ahmed Hussein (Grantor), ☐ personally known to me or ☒ proven by satisfactory evidence (said evidence being *NCDL 000028650 223*), personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and notarial stamp or seal, this *12th* day of *December*, 2023.

My Commission Expires: *May 14th, 2028*     *SOHANA PARVIN SYEDA*
*Syeda Sohana Parvin*, Notary Public

**SOHANA PARVIN SYEDA**
**NOTARY PUBLIC**
**Wake County**
**North Carolina**
**My Commission Expires May 14, 2028**

NORTH CAROLINA, *Durham* County.

I, a Notary Public of the County and State aforesaid, certify that on this the *12* day of *December* 2023, Moshira Hassana Ahmed Hussein (Grantor), ☐ personally known to me or ☒ proven by satisfactory evidence (said evidence being *NCDL 43009849*), personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and notarial stamp or seal, this *2* day of *December* 2023.

My Commission Expires: *2-17-25*     *Catherine Hummel*
*Catherine Hummel*, Notary Public

**CATHERINE HUMMEL**
**NOTARY PUBLIC**
**ORANGE County**
**North Carolina**
**My Commission Expires 02/17/2025**

The foregoing Certificate(s) of _____

_____

_____

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

_____ REGISTER OF DEEDS FOR _____ COUNTY

By_____ Deputy/Assistant-Register of Deeds

N.C. BAR Assoc. Form No. 5 ⓒ 1976       Printed by Agreement with the N.C. Bar Association - 1981

# EXHIBIT B

STATE OF NORTH CAROLINA

COUNTY OF WAKE

L&W Supply Corporation,

    Plaintiff,

v.

Tri-City Service, LLC and Yehia Shaaban
Ahmed Hussein aka Yehia Hussein,

    Defendants.

FILED
DATE: May 16, 2024
TIME: 2:32:52 PM
WAKE COUNTY
CLERK OF SUPERIOR COURT
BY: M. Brann

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24CV014270-910

**ENTRY OF CONFESSION OF
JUDGMENT**

IT IS ORDERED, ADJUDGED, AND DECREED that, based upon the Confession of
Judgment filed and entered into the Court's records on May 8, 2024 and attached hereto as **Exhibit
A**, Plaintiff is hereby granted judgment against Defendants Tri-City Service, LLC and Yehia
Shaaban Ahmed Hussein aka Yehia Hussein, jointly and severally, in the amount of Eight Hundred
Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars pursuant to North Carolina
Rule of Civil Procedure 68.1(d).

    **IT IS SO ORDERED.**

This _____ day of \_\_\_\_**5/16/2024**\_\_\_\_, 2024.

                               Asst. Clerk

                Clerk of Superior Court

1

# EXHIBIT A

24CV014270-910

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| | ) | |
| COUNTY OF WAKE | ) | DISTRICT COURT DIVISION |
| | ) | |
| | ) | |
| L&W Supply Corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **CONFESSION OF JUDGMENT** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Tri-City Service, LLC and Yehia Shaaban | ) | |
| Ahmed Hussein aka Yehia Hussein, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

WHEREAS, Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein are legally obligated and indebted, jointly and severally, to L&W Supply Corporation ("Plaintiff") in the sum of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars;

WHEREAS, Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia

Hussein, have agreed to confess judgment, jointly and severally, to Plaintiff in the sum of Eight

Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars; and

WHEREAS, Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein further authorize Plaintiff to enter and file this Confession of Judgment in the Office of the Clerk of Court for Wake County, North Carolina and in any other jurisdiction in which said Defendants may have assets.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff is hereby granted judgment against the Defendants, Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein, jointly and severally, in the sum of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars; provided that Defendants are entitled to credit for any payments made to Plaintiff, which payments, if any, together with the current amount of the judgment, are stated in the Affidavit attached hereto. The Clerk of Court for Wake County, North Carolina is hereby authorized to enter judgment against Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein, jointly and severally, in the amount stated in the attached affidavit.

**JUDGMENT CONFESSED AND ADMITTED.**

**Yehia Shaaban Ahmed Hussein**
**aka Yehia Hussein**

Signature: _____     Date: _1|18|24_

STATE OF NORTH CAROLINA        )
                               )
COUNTY OF WAKE                 )

    I, the undersigned Notary Public in and for the County and State aforesaid, do hereby certify that Yehia Shaaban Ahmed Hussein aka Yehia Hussein, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

    WITNESS my hand and official stamp or seal this _18_ day of _Jan_, 202_5_

_Catherine Hummel_ (SEAL)
Notary Public for North Carolina
My Commission Expires: _2-17-25_

```
CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025
```

**[ADDITIONAL SIGNATURE ON FOLLOWING PAGE]**

**Tri-City Service, LLC**

By: _Yehia Hussein_
(Print Name)

Its: Managing Member

Date: _____

STATE OF NORTH CAROLINA        )
                               )
COUNTY OF WAKE                 )

    I, the undersigned Notary Public in and for the County and State aforesaid, do hereby certify that Yehia Shaaban Ahmed Hussein aka Yehia Hussein, the duly authorized Managing Member of

2

Tri-City Service, LLC, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official stamp or seal this 18 day of Jan , 2024

_____ (SEAL)
Notary Public for North Carolina
My Commission Expires: 2-17-25

CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025

**Yehia Shaaban Ahmed Hussein**
**aka Yehia Hussein**

_____

SWORN TO AND SUBSCRIBED before
me this 18 day of November, 2023.

_____
Notary Public, State of NC
My commission expires: 2-17-25

CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025

3

# EXHIBIT C
## COMMERCIAL SECURITY AGREEMENT

November 27, 2023

Tri-City Service, LLC
105 Blue Granite Drive
Holly Springs, NC 27540
("Debtor")

L&W Supply Corporation
5000 Trademark Drive
Raleigh, NC 27610
("Creditor")

For value received and to secure payment and performance of any and all obligations of Debtor (also referred to herein as "Borrower") to Creditor however created, arising or evidenced, whether direct or indirect, absolute or contingent, now existing or hereafter arising or acquired, and whether or not evidenced by a Settlement Document (as hereafter defined), and all costs and expenses incurred by Creditor to obtain, preserve, perfect and enforce the security interest granted herein and to maintain, preserve and collect the property subject to the security interest (collectively, the "Obligations"), Debtor hereby grants to Creditor a continuing security interest in and lien upon the following described property, whether now owned or hereafter acquired, and any additions, replacements, accessions, or substitutions thereof and all cash and noncash proceeds and products thereof and consents to Creditor filing a UCC financing statement or other similar documents to include the following (collectively, "Collateral"):

**All accounts receivable and other accounts, including those pursuant to law which would be classified as general intangibles, chattel paper, letters of credit or instruments, all rents and leases, all inventory, including inventory evidenced by documents of title, all furniture and equipment, including that which by law would be classified as fixtures, and all books and records in whatever form maintained.**

Debtor hereby represents and agrees that:

**OWNERSHIP.** Debtor owns the Collateral or Debtor will purchase and acquire rights in the Collateral. The Collateral is free and clear of all liens, security interests, and claims, and Debtor will keep the Collateral free and clear from all liens, security interests and claims, other than those granted to or approved by Creditor.

**NAME AND OFFICES; JURISDICTION OF ORGANIZATION.** The name and address of Debtor appearing at the beginning of this Agreement are Debtor's exact legal name and the address of its chief executive office. There has been no change in the name of Debtor, or the name under which Debtor conducts business, within the five years preceding the date hereof except as previously reported in writing to Creditor. Debtor has not moved its chief executive

1

office within the five years preceding the date hereof except as previously reported in writing to Creditor. Debtor is organized under the laws of the State of North Carolina and has not changed the jurisdiction of its organization within the five years preceding the date hereof except as previously reported in writing to Creditor.

**TITLE/TAXES.** Debtor has, or will have after acquisition, good and marketable title to the Collateral and will warrant and defend same against all claims. Debtor will not transfer, sell, or lease Collateral except in the ordinary course of business. Debtor agrees to pay promptly all taxes and assessments upon or for the use of Collateral and on this Security Agreement. At its option, Creditor may discharge taxes, liens, security interests or other encumbrances at any time levied or placed on the Collateral. Debtor agrees to reimburse Creditor, on demand, for any such payment made by Creditor. Any amounts so paid shall be added to the Obligations.

**WAIVERS.** Debtor agrees not to assert against Creditor as a defense (legal or equitable), as a set-off, as a counterclaim, or otherwise, any claims Debtor may have against any seller or lessor that provided personal property or services relating to any part of the Collateral. Debtor waives all exemptions and homestead rights with regard to the Collateral. Debtor waives any and all rights to any bond or security which might be required by applicable law prior to the exercise of any of Creditor's remedies against any Collateral. All rights of Creditor and security interests hereunder, and all obligations of Debtor hereunder, shall be absolute and unconditional, not discharged or impaired irrespective of (and regardless of whether Debtor receives any notice of): (i) any lack of validity or enforceability of any Settlement Document; (ii) any change in the time, manner or place of payment or performance, or in any term, of all or any of the Obligations or the Settlement Documents or any other amendment or waiver of or any consent to any departure from any Settlement Document; (iii) any exchange, release or nonperfection of any collateral, or any release of or modifications of the obligations of any guarantor or other obligor; (iv) any amendment or waiver of or consent to departure from any Settlement Document or other agreement. To the extent permitted by law, Debtor hereby waives any rights under any valuation, stay, appraisement, extension or redemption laws now existing or which may hereafter exist and which, but for this provision, might be applicable to any sale or disposition of the Collateral by Creditor; and any other circumstance which might otherwise constitute a defense available to, or a discharge of any party with respect to the Obligations.

**NOTIFICATIONS; LOCATION OF COLLATERAL.** Debtor will notify Creditor in writing, at least thirty (30) days prior to any change in: (i) location of Debtor's chief executive office; (ii) Debtor's name or identity; (iii) Debtor's corporate/organizational structure; or (iv) the jurisdiction in which Debtor is organized. In addition, Debtor shall promptly notify Creditor of any claims or alleged claims of any other person or entity to the Collateral or the institution of any litigation, arbitration, governmental investigation or administrative proceedings against or affecting the Collateral. Debtor will keep Collateral at the location(s) previously provided to Creditor until such time as Creditor provides written advance consent to a change of location. Debtor will bear the cost of preparing and filing any documents necessary to protect Creditor's liens.

**COLLATERAL CONDITION AND LAWFUL USE.** Debtor represents that the Collateral is, or will be after acquisition, in good repair and condition and that Debtor shall use reasonable

care to prevent Collateral from being damaged or depreciating, normal wear and tear excepted. Debtor shall immediately notify Creditor of any material loss or damage to Collateral. Debtor shall not permit any item of Collateral to become an accession to other property unless such property is also Collateral hereunder. Debtor represents it is in compliance in all respects with all laws, rules and regulations applicable to the Collateral and its properties, operations, business, and finances.

**RISK OF LOSS AND INSURANCE.** Debtor shall bear all risk of loss with respect to the Collateral. The injury to or loss of Collateral, either partial or total, shall not release Debtor from payment or other performance hereof. Debtor agrees to obtain and keep in force casualty and hazard insurance, and any other insurance coverage on the Collateral naming Creditor as loss payee.

**FINANCING STATEMENTS, POWER OF ATTORNEY.** No financing statement (other than any filed or approved by Creditor) covering any Collateral is on file in any public filing office. On request of Creditor, Debtor will execute one or more financing statements in a form satisfactory to Creditor and will pay all costs and expenses of filing the same or of filing this Security Agreement in all public filing offices, where filing is deemed by Creditor to be desirable. Creditor is authorized to file financing statements relating to Collateral without Debtor's signature where authorized by law. Debtor hereby constitutes and appoints Creditor the true and lawful attorney of Debtor with full power of substitution to take any and all appropriate action and to execute any and all documents or instruments that may be necessary or desirable to accomplish the purpose and carry out the terms of this Security Agreement. The foregoing power of attorney is coupled with an interest and shall be irrevocable until all of the Obligations have been paid in full. Neither Creditor nor anyone acting on its behalf shall be liable for acts, omissions, errors in judgment, or mistakes in fact in such capacity as attorney-in-fact. Debtor ratifies all acts of Creditor as attorney-in-fact. Debtor agrees to take such other actions, at Debtor's expense, as might be reasonably requested for the perfection, continuation and assignment, in whole or in part, of the security interests granted herein and to assure Creditor's intended priority position. If certificates, passbooks, or other documentation or evidence is/are issued or outstanding as to any of the Collateral, Debtor will cause the security interests of Creditor to be properly protected, including perfection by notation thereon or delivery thereof to Creditor.

**COLLATERAL DUTIES.** Creditor shall have no custodial or ministerial duties to perform with respect to Collateral pledged except as set forth herein; and by way of explanation and not by way of limitation, Creditor shall incur no liability for any of the following: (i) loss or depreciation of Collateral (unless caused by its willful misconduct or gross negligence), (ii) failure to present any paper for payment or protest, to protest or give notice of nonpayment, or any other notice with respect to any paper or Collateral.

**TRANSFER OF COLLATERAL.** Creditor may assign its rights in Collateral or any part thereof to any assignee who shall thereupon become vested with all the powers and rights herein given to Creditor with respect to the property so transferred and delivered, and Creditor shall thereafter be forever relieved and fully discharged from any liability accruing wholly after the

3

date of such assignment with respect to such property so transferred, but with respect to any property not so transferred, Creditor shall retain all rights and powers hereby given.

**INSPECTION, BOOKS AND RECORDS.** Debtor shall at all times keep accurate and complete records covering each item of Collateral, including the proceeds therefrom. Creditor, or any of its agents, shall have the right, at reasonable intervals to be determined by Creditor and without hindrance or delay, to inspect, audit, and examine the Collateral and to make copies of and extracts from the books, records, journals, orders, receipts, correspondence and other data relating to Collateral, Debtor's business or any other transaction between the parties hereto. Debtor will at its expense furnish Creditor copies thereof upon request. All such inspections, audits and examinations shall be at Debtor's expense.

**ATTORNEYS' FEES AND OTHER COSTS OF COLLECTION.** Debtor shall pay all of Creditor's reasonable expenses incurred in enforcing this Security Agreement and in preserving and liquidating the Collateral, including but not limited to, reasonable arbitration fees, paralegal fees, attorneys' fees and experts' fees and expenses, whether incurred with or without the commencement of a suit, trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding.

**DEFAULT.** If any of the following occurs, a default ("Default") under this Security Agreement shall exist: **Settlement Document Default.** A default under any Settlement Document. **Collateral Loss or Destruction.** Any loss, theft, substantial damage, or destruction of Collateral not fully covered by insurance, or as to which insurance proceeds are not remitted to Creditor within a reasonable time after the loss. **Collateral Sale, Lease or Encumbrance.** Any sale, lease, or encumbrance of any Collateral except in the ordinary course of business, without prior written consent of Creditor. **Levy, Seizure or Attachment.** The making of any levy, seizure, or attachment on or of Collateral which is not removed within ten (10) days. **Unauthorized Termination.** Any attempt to terminate, revoke, rescind, modify, or violate the terms of this Security Agreement without the prior written consent of Creditor. Notwithstanding the above, Debtor shall be entitled to any cure period granted to Debtor under the Settlement Documents.

**REMEDIES ON DEFAULT (INCLUDING POWER OF SALE).** If a Default occurs, all of the Obligations shall be immediately due and payable, without notice, and Creditor shall have all the rights and remedies of a secured party under the Uniform Commercial Code. Without limitation thereto, Creditor shall have the following rights and remedies: (i) to take immediate possession of Collateral, without notice or resort to legal process, and for such purpose, to enter upon any premises on which Collateral or any part thereof may be situated and to remove the same therefrom, or, at its option, to render Collateral unusable or dispose of said Collateral on Debtor's premises; (ii) to require Debtor to assemble the Collateral and make it available to Creditor at a place to be designated by Creditor; (iii) to exercise its right of setoff or Creditor lien as to any monies of Debtor deposited in accounts of any nature maintained by Debtor with Creditor or affiliates of Creditor, without advance notice, regardless of whether such accounts are general or special; (iv) to dispose of Collateral, as a unit or in parcels, separately or with any real property interests also securing the Obligations, in any county or place to be selected by Creditor, at either private or public sale (at which public sale Creditor may be the purchaser) with or without having the Collateral physically present at said sale.

4

Any notice of sale, disposition or other action by Creditor required by law and sent to Debtor at Debtor's address shown above, or at such other address of Debtor as may from time to time be shown on the records of Creditor, at least fifteen (15) days prior to such action, shall constitute reasonable notice to Debtor. Notice shall be deemed given or sent when mailed postage prepaid to Debtor's address as provided herein. Creditor shall be entitled to apply the proceeds of any sale or other disposition of the Collateral, and the payments received by Creditor with respect to any of the Collateral, to Obligations in such order and manner as Creditor may determine. Collateral that is subject to rapid declines in value and is customarily sold in recognized markets may be disposed of by Creditor in a recognized market for such collateral without providing notice of sale. Debtor waives any and all requirements that the Creditor sell or dispose of all or any part of the Collateral at any particular time, regardless of whether Debtor has requested such sale or disposition.

**REMEDIES ARE CUMULATIVE.** No failure on the part of Creditor to exercise, and no delay in exercising, any right, power or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise by Creditor or any right, power or remedy hereunder preclude any other or further exercise thereof or the exercise of any right, power or remedy. The remedies herein provided are cumulative and are not exclusive of any remedies provided by law, in equity, or in other Settlement Documents.

**MISCELLANEOUS.** (i) **Amendments and Waivers.** No waiver, amendment or modification of any provision of this Security Agreement shall be valid unless in writing and signed by Debtor and an officer of Creditor. No waiver by Creditor of any Default shall operate as a waiver of any other Default or of the same Default on a future occasion. (ii) **Assignment.** All rights of Creditor hereunder are freely assignable, in whole or in part, and shall inure to the benefit of and be enforceable by Creditor, its successors, assigns and affiliates. Debtor shall not assign its rights and interest hereunder without the prior written consent of Creditor, and any attempt by Debtor to assign without Creditor's prior written consent is null and void. Any assignment shall not release Debtor from the Obligations. This Security Agreement shall be binding upon Debtor, and the successors, and assigns of Debtor. (iii) **Applicable Law.** This Security Agreement shall be governed by and construed under the laws of the State of North Carolina (the "Jurisdiction") without regard to that Jurisdiction's conflict of laws principles. (iv) **Severability.** If any provision of this Security Agreement shall be prohibited by or invalid under applicable law, such provision shall be ineffective but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Security Agreement. (v) **Notices.** Notices shall be given by the parties at the addresses and in the manner described in the Settlement Agreement. (vi) **Captions.** The captions contained herein are inserted for convenience only and shall not affect the meaning or interpretation of this Security Agreement or any provision hereof. The use of the plural shall also mean the singular, and vice versa. (vii) **Binding Contract.** Debtor by execution and Creditor by acceptance of this Security Agreement, agree that each party is bound by all terms and provisions of this Security Agreement.

**DEFINITIONS. Settlement Documents.** The term "Settlement Documents" refers to all documents, including this Agreement, whether now or hereafter existing, executed in connection

with or related to the Obligations, and may include, without limitation and whether executed by Debtor or others, settlement agreements, confessions of judgment, verifications, sworn statements, or other similar agreements, other security agreements, security instruments, financing statements, any renewals, extensions or modifications thereof, whenever any of the foregoing are executed. **UCC.** "UCC" means the North Carolina Uniform Commercial Code. **Terms defined in the UCC.** Any term used in this Agreement and in any financing statement filed in connection herewith which is defined in the UCC and not otherwise defined in this Agreement or any other Settlement Document has the meaning given to the term in the UCC.

    **IN WITNESS WHEREOF**, Debtor, on the day and year first written above, has caused this Security Agreement to be executed by its duly authorized officer.

**Tri-City Service, LLC**

By: _____

Print Name: Yehia Hussein

Its: CEO

**EXHIBIT D**

WAKE COUNTY, NC 50
TAMMY L. BRUNNER
REGISTER OF DEEDS
PRESENTED & RECORDED ON
01/31/2024 14:14:32

BOOK:019529 PAGE:01424 - 01428

This the _____ day of _____, 2023.

Signed: _____

Title: _____

Tax Lot No._____

Verified by _____ Wake _____

by _____

Parcel Identifier No. _____ **0638924568** _____

County on the _____ day of _____, 2023.

**ENV**

Mail after recording to _Lee H. Nanney, Esq. 55 Beattie Place, Suite 1200, Greenville, SC 29601_  *P.O. Box 10589*

This instrument was prepared by _____ Lee H. Nanney, Esq _____ (Without title examination)

Brief description for the Index

---

Being that real property located in **Wake** County, North Carolina located **105 Blue Granite Drive, Holly Springs, NC 27540,** and more specifically described with the **Wake** County, North Carolina Register of Deeds (the "Real Property") as **Parcel ID# 0638924568.**

---

## NORTH CAROLINA DEED OF TRUST

THIS DEED OF TRUST made this _____ day of _____ December _____, 2023, by and between

| GRANTOR | TRUSTEE | BENEFICIARY |
|---|---|---|
| Yehia Shaaban Ahmed Hussein aka Yehia Hussein and Moshira Hassana Ahmed Hussein 105 Blue Granite Drive, Holly Springs, NC 27540 | Lee H. Nanney, Esq. Gallivan, White & Boyd, P.A. 55 Beattie Place, Suite 1200 Greenville, SC 29601 | L&W Supply Corporation 5000 Trademark Drive Raleigh, NC 27610 |

**Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g., corporation or partnership.**

The designation Grantor, Trustee and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that whereas the Grantor is indebted to the Beneficiary in the principal sum of **Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars**, as evidenced by a Settlement Agreement of even date herewith, the terms of which are incorporated herein by reference.

NOW, THEREFORE, as security for said indebtedness, advancements and other sums expended by Beneficiary pursuant to this Deed of Trust and costs of collection (including reasonable attorneys' fees) and other valuable consideration, the receipt of which is hereby acknowledged, the Grantor has bargained, sold, given, granted and conveyed and does by these presents bargain, sell, give, grant and convey to said Trustee, his heirs, or successors, and assigns the parcel(s) of land situated in Holly Springs, Wake County, North Carolina, (the "Premises") and more particularly described as follows:

Being all of Lot 21, Stonemount Subdivision, Phase 1, as shown in Book of Maps 2017, Pages 962-967, Wake County (NC) Registry; reference to which Plat is hereby made for a more particular description of said Property.

The above-described Property being all of that property conveyed in that deed recorded in Record Book 01685, at Pages 00297-00298 to of the Wake County, NC Register's Office.

**Parcel ID# 0638924568**

TO HAVE AND TO HOLD said Premises with all privileges and appurtenances thereunto belonging to said Trustee, his heirs, successors, and assigns

forever, upon the trusts, terms and conditions and for the uses hereinafter set forth.

If the Grantor shall pay the Note secured hereby in accordance with its terms, together with interest thereon, and any renewals or extensions thereof in whole or in part, all other sums secured hereby and shall comply with all of the covenants, terms and conditions of this Deed of Trust, then this conveyance shall be null and void and may be cancelled of record at the request and the expense of the Grantor. If, however, there shall be any default (a) in the payment of any sums due under the Note, this Deed of Trust or any other instrument securing the Note and such default is not cured within ten (10) days from the due date, or (b) if there shall be default in any of the other covenants, terms or conditions of the Note secured hereby, or any failure or neglect to comply with the covenants, terms or conditions contained in this Deed of Trust or any other instrument securing the Note and such default is not cured within fifteen (15) days after written notice, then and in any of such events, without further notice, it shall be lawful for and the duty of the Trustee, upon request of the Beneficiary, to sell the land herein conveyed at public auction for cash, after having first giving such notice of hearing as to commencement of foreclosure proceedings and obtained such findings or leave of court as may then be required by law and giving such notice and advertising the time and place of such sale in such manner as may then be provided by law, and upon such and any resales and upon compliance with the law then relating to foreclosure proceedings under power of sale to convey title to the purchaser in as full and ample manner as the Trustee is empowered. The Trustee shall be authorized to retain an attorney to represent him in such proceedings.

The proceeds of the Sale shall after the Trustee retains his commission, together with reasonable attorneys fees incurred by the Trustee in such proceeding, be applied to the costs of sale, including, but not limited to, costs of collection, taxes, assessments, costs of recording, service fees and incidental expenditures, the amount due on the Note hereby secured and advancements and other sums expended by the Beneficiary according to the provisions hereof and otherwise as required by the then existing law relating to foreclosures. The Trustee's commission shall be five percent (5%) of the gross proceeds of the sale or the minimum sum of $40,124.00, whichever is greater, for a completed foreclosure. In the event foreclosure is commenced, but not completed, the Grantor shall pay all expenses incurred by Trustee, including reasonable attorneys' fees, and a partial commission computed on five percent (5%) of the outstanding indebtedness or the above stated minimum sum, whichever is greater, in accordance with the following schedule, to-wit: one-fourth (¼) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half (½) thereof after issuance of said notice; three-fourths (¾) thereof after such hearing; and the greater of the full commission or minimum sum after the initial sale.

And the said Grantor does hereby covenant and agree with the Trustee as follows:

1. INSURANCE. Grantor shall keep all improvements on said land, now or hereafter erected, constantly insured for the benefit of the Beneficiary against loss by fire, windstorm, and such other casualties and contingencies, in such manner and in such companies and for such amounts, not less than that amount necessary to pay the sum secured by this Deed of Trust, and as may be satisfactory to the Beneficiary, Grantor shall purchase such insurance, pay all premiums therefore, and shall deliver to Beneficiary such policies along with evidence of premium payment as long as the Note secured hereby remains unpaid. If Grantor fails to purchase such insurance, pay premiums therefore or deliver said policies along with evidence of payment of premiums thereon, then Beneficiary, at his option, may purchase such insurance. Such amounts paid by Beneficiary shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary. All proceeds from any insurance so maintained shall at the option of Beneficiary be applied to the debt secured hereby and if payable in installments, applied in the inverse order of maturity of such installments or to the repair or reconstruction of any improvements located upon the Property.

2. TAXES, ASSESSMENTS, CHARGES. Grantor shall pay all taxes, assessments and charges as may be lawfully levied against said Premises within thirty (30) days after the same shall become due. In the event that Grantor fails to so pay all taxes, assessments and charges as herein required, then Beneficiary, at his option, may pay the same and the amounts so paid shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary.

3. ASSIGNMENTS OF RENTS AND PROFITS. Grantor assigns to Beneficiary, in the event of default, all rents and profits from the land and any improvements thereon, and authorizes Beneficiary to enter upon and take possession of such land and improvements, to rent same, at any reasonable rate of rent determined by Beneficiary, and after deducting from any such rents the cost of reletting and collection, to apply the remainder to the debt secured hereby.

4. PARTIAL RELEASE. Grantor shall not be entitled to the partial release of any of the above described property unless a specific provision providing therefore is included in this Deed of Trust. In the event a partial release provision is included in this Deed of Trust, Grantor must strictly comply with the terms thereof. Notwithstanding anything herein contained, Grantor shall not be entitled to any release of property unless Grantor is not in default and is in full compliance with all of the terms and provisions of the Note, this Deed of Trust, and any other instrument that may be securing said Note.

5. WASTE. The Grantor covenants that he will keep the Premises herein conveyed in as good order, repair and condition as they are now, reasonable wear and tear excepted, and will comply with all governmental requirements respecting the Premises of their use, and that he will not commit or permit any waste.

6. CONDEMNATION. In the event that any or all of the Premises shall be condemned and taken under the power of eminent domain, grantor shall give immediate written notice to Beneficiary and Beneficiary shall have the right to receive and collect all damages awarded by reason of such taking, and the right to such damages hereby is assigned to Beneficiary who shall have the discretion to apply the amount so received, or any part thereof, to the indebtedness due hereunder and if payable in installments, applied in the inverse order of maturity of such installments, or to any alteration, repair or restoration of the Premises by Grantor.

7. WARRANTIES. Grantor covenants with Trustee and Beneficiary that he is seized of the Premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that he will warrant and defend the title against the lawful claims of all persons whomsoever, except for the exceptions hereinafter stated.

8. SUBSTITUTION OF TRUSTEE. Grantor and Trustee covenant and agree to and with Beneficiary that in case the said Trustee, or any successor

trustee, shall die, become incapable of acting, renounce his trust, or for any reason the holder the Note desires to replace said Trustee, then the holder may appoint, in writing, a trustee to take the place of the Trustee; and upon the probate and registration of the same, the trustee thus appointed shall succeed to all rights, powers and duties of the Trustee.

**THE FOLLOWING PARAGRAPH, 9. SALE OF PREMISES, SHALL NOT APPLY UNLESS THE BLOCK TO THE LEFT MARGIN OF THIS SENTENCE IS MARKED AND/OR INITIALED.**

9.  SALE OF PREMISES. Grantor agrees that if the Premises or any part thereof or interest therein is sold, assigned, transferred, conveyed or otherwise alienated by Grantor, whether voluntarily or involuntarily or by operation of law [other than: (i) the creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the Premises; (ii) the creation of a purchase money security interest for household appliances; (iii) a transfer by devise, decent or operation of law on the death of a joint tenant or tenant by the entirety; (vi) the grant of a leasehold interest of three (3) years or less not containing an option to purchase; (v) a transfer to a relative resulting from the death of a Grantor; (vi) a transfer where the spouse or children of the Grantor become the owner of the Premises; (vii) a transfer resulting from a decree of a dissolution in marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Grantor becomes an owner of the Premises; (viii) a transfer into an inter vivos trust in which the Grantor is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the Premises], without the prior written consent of Beneficiary, Beneficiary, at its own option, may declare the Note secured hereby and all other obligations hereunder to be forthwith due and payable. Any change in the legal or equitable title of the Premises or in the beneficial ownership of the Premises, including the sale, conveyance or disposition of a majority interest in the Grantor if a corporation or partnership, whether or not of record and whether or not for consideration, shall be deemed to be the transfer of an interest in the Premises.

10.  ADVANCEMENTS. If Grantor shall fail to perform any of the covenants or obligations contained herein or in any other instrument given as additional security for the Note secured hereby, the Beneficiary may, but without obligation, make advances to perform such covenants or obligations, and all such sums so advanced shall be added to the principal sum, shall bear interest at the rate provided in the Note secured hereby for sums due after default and shall be due from Grantor on demand of the Beneficiary. No advancement or anything contained in this paragraph shall constitute a waiver by Beneficiary or prevent such failure to perform from constituting an event of default.

11.  INDEMNITY. If any suit or proceeding be brought against the Trustee or Beneficiary or if any suit or proceeding be brought which may affect the value or title of the Premises, Grantor shall defend, indemnify and hold harmless and on demand reimburse Trustee or Beneficiary from any loss, cost, damage or expense and any sums expended by Trustee or Beneficiary shall bear interest as provided in the Note secured hereby for sums due after default and shall be due and payable on demand.

12.     WAIVERS. Grantor waives all rights to require marshalling of assets by the Trustee or Beneficiary. No delay or omission of the Trustee or Beneficiary in the exercise of any right, power or remedy arising under the Note of this Deed of Trust shall be deemed a waiver of any default or acquiescence therein or shall impair or waive the exercise of such right, power or remedy by Trustee or Beneficiary at any other time.

13.     CIVIL ACTION. In the event that the Trustee is named as a party to any civil action as Trustee in this Deed of Trust, the Trustee shall be entitled to employ an attorney at law, including himself if he is a licensed attorney, to represent him in said action and the reasonable attorney's fee of the Trustee in such action shall be paid by the Beneficiary and added to the principal of the Note secured by this Deed of Trust and bear interest at the rate provided in the Note for sums due after default.

14.     PRIOR LIENS. Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

15.     OTHER TERMS.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

| | | |
|---|---|---|
| | USE BLACK INK ONLY | _____(SEAL)<br>Yehia Shaaban Ahmed Hussein |
| ATTEST: | | _____(SEAL)<br>Moshira Hassana Ahmed Hussein |
| By: _____<br>Secretary | | |

SEAL-STAMP          NORTH CAROLINA, _____ County.

N.C. BAR Assoc. Form No. 5 © 1976     Printed by Agreement with the N.C. Bar Association - 1981

CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025

I, a Notary Public of the County and State aforesaid, certify that on this the 18 day of Jan , 2024 Yehia Shaaban Ahmed Hussein (Grantor), ☐ personally known to me or ☐ proven by satisfactory evidence (said evidence being _____ personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and notarial stamp or seal, this 18 day of Jan , 2024

My Commission Expires: 2-17-25      Catherine Hummel
                                    Catherine Hummel      Notary Public

SEAL-STAMP

NORTH CAROLINA Durham County.

I, a Notary Public of the County and State aforesaid, certify that on this the 18th day of Jan , 2024 Moshira Hassana Ahmed Hussein (Grantor), ☐ personally known to me or ☐ proven by satisfactory evidence (said evidence being NCDL personally appeared before me this day and acknowledged the execution of the foregoing instrument.

CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025

Witness my hand and notarial stamp or seal, this 17 day of Jan , 2024

My Commission Expires: 2-17-25      Catherine Hummel
                                    Catherine Hummel      Notary Public

The foregoing Certificate(s) of _____

_____

_____

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

_____REGISTER OF DEEDS FOR _____ COUNTY

By_____Deputy/Assistant Register of Deeds

N.C. BAR Assoc. Form No. 5 © 1976       Printed by Agreement with the N.C. Bar Association - 1981



BOOK:019529 PAGE:01424 - 01428



# WAKE COUNTY

### NORTH CAROLINA

## Please retain yellow trailer page

**It is part of the recorded document and must be submitted with the original for re-recording.**

### Tammy L. Brunner
### Register of Deeds

**Wake County Justice Center**
**300 South Salisbury Street, Suite 1700**
**Raleigh, NC 27601**

☐ New Time Stamp          ☐ $25 Non-Standard Fee

☐ Additional Document Fee          ☐ Additional Reference Fee

**This Customer Group**

_____ # of Excessive Entities

_____ # of Time Stamps Needed

**This Document**

_____ 5 # of Pages

ALJ 24030301 N050

**EXHIBIT E**

NORTH CAROLINA

IN THE GENERAL COURT OF JUSTICE

WAKE COUNTY

BEFORE THE CLERK

24 SP 1662 - 910

IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY YEHIA SHAABAN AHMED HUSSEIN AND MOSHIRA HASSANA AHMED HUSSEIN A/K/A MOSHIRA HASSANA AHMED HUSSEN DATED January 18, 2024 AND RECORDED IN BOOK 19529, PAGE 1424, WAKE COUNTY REGISTRY, TO LEE H. NANNEY, ESQ., TRUSTEE.

## AFFIDAVIT OF PETITIONER

The undersigned, being first duly sworn, deposes and says:

1. L&W SUPPLY CORPORATION is the holder of a Consent Judgment and the above-referenced Deed of Trust executed by YEHIA SHAABAN AHMED HUSSEIN AND MOSHIRA HASSANA AHMED HUSSEIN A/K/A MOSHIRA HASSANA AHMED HUSSEN (hereinafter Respondents). Attached hereto are true and accurate copies of the Consent Judgment and Deed of Trust executed by the Respondent(s).

2. The Consent Judgment and Deed of Trust are in default. As of the date of this Affidavit, the specifics of the default are as follows:

    a. Months Past Due: _____ or Date Loan Matured: 5/8/2024

    b. Amount Past Due (excluding fees and costs): $615,858.34

    c. Outstanding Payoff Balance (excluding attorneys fees/costs): $615,858.34

3. Demand has been made upon the Respondent(s) to either cure the default or pay the loan in full, but the Respondent(s) have failed to take the action necessary to do either.

4. Because of the default, L&W SUPPLY CORPORATION has exercised its rights under the provisions of the Note and Deed of Trust, has declared the entire unpaid balance of principal and interest to be immediately due and payable, and has exercised the right of foreclose under the terms of the Deed of Trust.

5. Jeff D. Rogers has been substituted as Trustee under the terms of the Deed of Trust for the purpose of foreclosing the property described in the Deed of Trust pursuant to the power of sale contained therein.

6. To the best of my knowledge and belief, the Respondent(s) are under no legal disability nor in the active military service of the United States.

7. The debt evidenced by the Note:

    [   ] **IS A HOME LOAN** as defined by N.C.G.S. §45-101(1b) as shown by the attached certificate from the N.C. Housing Finance Agency. The required 45 day notice under N.C.G.S. §45-102 has been given to the Respondent(s) and said notice is attached hereto.

[ X ]  **IS NOT A HOME LOAN** as defined by N.C.G.S. §45-101(1b) because:

    [   ] the loan has been so designated as shown by the attached certificate from the N.C. Housing Finance Agency;

    [ X ] the loan is a commercial loan;

    [   ] the loan is not secured by the principal dwelling of the Respondent(s);

    [   ] the loan was not incurred by the borrower primarily for personal, family, or household purposes;

    [   ] the property securing the loan is a vacant lot;

    [   ] the loan is an equity line of credit as defined by N.C.G.S. §24-9(a)(2)

8. Prior to commencing foreclosure, it is the normal and customary practice of the Petitioner to attempt contact with the Respondent(s). The purpose of this contact is to inform the Respondent(s) of the default on the loan and to determine if there are options available to cure the default. The loan file of the Respondent(s) reflects that letter(s) were written to the Respondent(s) advising of the default and the action needed to cure the default. Further, if the loan was deemed a home loan, the required notice was provided to the Respondent(s) and at least 45 days passed before foreclosure was commenced.

9. The Petitioner used reasonable efforts to address the loan default with the Respondent(s) prior to commencing foreclosure. The Respondent(s) took no action acceptable to the Petitioner to cure the default and the loan remains in arrears as set forth above.

10. I am familiar with the loan accounts of the Petitioner, how those accounts are maintained, and I have regular access to those accounts as a part of my job. More particularly, I am familiar with the account of the Respondent(s) in this action and I have the authority to execute this affidavit on behalf of the Petitioner.

This the 5th day of August, 2024.

L&W SUPPLY CORPORATION

By: _____

Lee H. Nanney
Title: Attorney

Sworn to and subscribed before me this 5th day of August, 2024.

_____
Notary Public
My Commission Expires: 07/26/2032

Chloe Marlow

This communication is from a debt collector. The purpose of this communication is to collect a debt. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

WAKE COUNTY, NC 50
TAMMY L. BRUNNER
REGISTER OF DEEDS
PRESENTED & RECORDED ON
01/31/2024 14:14:32

This the _____ day of _____, 2023.

Signed: _____

Title: _____

BOOK:019529 PAGE:01424 - 01428

Tax Lot No. _____

Verified by _____ Wake _____

by _____

Parcel Identifier No. _____ 0638924568 _____

County on the _____ day of _____, 2023.

**ENV**

Mail after recording to Lee H. Nanney, Esq. 55 Beattie Place, Suite 1200, Greenville, SC 29601   *P.O. Box 10589*

This instrument was prepared by _____ Lee H. Nanney, Esq _____ (Without title examination)

Brief description for the Index

Being that real property located in **Wake** County, North Carolina located **105 Blue Granite Drive, Holly Springs, NC 27540**, and more specifically described with the **Wake** County, North Carolina Register of Deeds (the "Real Property") as **Parcel ID# 0638924568.**

# NORTH CAROLINA DEED OF TRUST

THIS DEED OF TRUST made this _____ day of _____ December _____, 2023, by and between

| GRANTOR | TRUSTEE | BENEFICIARY |
|---|---|---|
| Yehia Shaaban Ahmed Hussein aka Yehia Hussein and Moshira Hassana Ahmed Hussein 105 Blue Granite Drive, Holly Springs, NC 27540 | Lee H. Nanney, Esq. Gallivan, White & Boyd, P.A. 55 Beattie Place, Suite 1200 Greenville, SC 29601 | L&W Supply Corporation 5000 Trademark Drive Raleigh, NC 27610 |

**Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g., corporation or partnership.**

The designation Grantor, Trustee and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that whereas the Grantor is indebted to the Beneficiary in the principal sum of **Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars**, as evidenced by a Settlement Agreement of even date herewith, the terms of which are incorporated herein by reference.

NOW, THEREFORE, as security for said indebtedness, advancements and other sums expended by Beneficiary pursuant to this Deed of Trust and costs of collection (including reasonable attorneys' fees) and other valuable consideration, the receipt of which is hereby acknowledged, the Grantor has bargained, sold, given, granted and conveyed and does by these presents bargain, sell, give, grant and convey to said Trustee, his heirs, or successors, and assigns the parcel(s) of land situated in Holly Springs, Wake County, North Carolina, (the "Premises") and more particularly described as follows:

Being all of Lot 21, Stonemount Subdivision, Phase 1, as shown in Book of Maps 2017, Pages 962-967, Wake County (NC) Registry; reference to which Plat is hereby made for a more particular description of said Property.

The above-described Property being all of that property conveyed in that deed recorded in Record Book 01685, at Pages 00297-00298 to of the Wake County, NC Register's Office.

**Parcel ID# 0638924568**

TO HAVE AND TO HOLD said Premises with all privileges and appurtenances thereunto belonging to said Trustee, his heirs, successors, and assigns

N.C. BAR Assoc. Form No. 5 © 1976    Printed by Agreement with the N.C. Bar Association - 1981

forever, upon the trusts, terms and conditions and for the uses hereinafter set forth.

If the Grantor shall pay the Note secured hereby in accordance with its terms, together with interest thereon, and any renewals or extensions thereof in whole or in part, all other sums secured hereby and shall comply with all of the covenants, terms and conditions of this Deed of Trust, then this conveyance shall be null and void and may be cancelled of record at the request and the expense of the Grantor. If, however, there shall be any default (a) in the payment of any sums due under the Note, this Deed of Trust or any other instrument securing the Note and such default is not cured within ten (10) days from the due date, or (b) if there shall be default in any of the other covenants, terms or conditions of the Note secured hereby, or any failure or neglect to comply with the covenants, terms or conditions contained in this Deed of Trust or any other instrument securing the Note and such default is not cured within fifteen (15) days after written notice, then and in any of such events, without further notice, it shall be lawful for and the duty of the Trustee, upon request of the Beneficiary, to sell the land herein conveyed at public auction for cash, after having first giving such notice of hearing as to commencement of foreclosure proceedings and obtained such findings or leave of court as may then be required by law and giving such notice and advertising the time and place of such sale in such manner as may then be provided by law, and upon such and any resales and upon compliance with the law then relating to foreclosure proceedings under power of sale to convey title to the purchaser in as full and ample manner as the Trustee is empowered. The Trustee shall be authorized to retain an attorney to represent him in such proceedings.

The proceeds of the Sale shall after the Trustee retains his commission, together with reasonable attorneys fees incurred by the Trustee in such proceeding, be applied to the costs of sale, including, but not limited to, costs of collection, taxes, assessments, costs of recording, service fees and incidental expenditures, the amount due on the Note hereby secured and advancements and other sums expended by the Beneficiary according to the provisions hereof and otherwise as required by the then existing law relating to foreclosures. The Trustee's commission shall be five percent (5%) of the gross proceeds of the sale or the minimum sum of $40,124.00, whichever is greater, for a completed foreclosure. In the event foreclosure is commenced, but not completed, the Grantor shall pay all expenses incurred by Trustee, including reasonable attorneys' fees, and a partial commission computed on five percent (5%) of the outstanding indebtedness or the above stated minimum sum, whichever is greater, in accordance with the following schedule, to-wit: one-fourth (¼) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half (½) thereof after issuance of said notice; three-fourths (¾) thereof after such hearing; and the greater of the full commission or minimum sum after the initial sale.

And the said Grantor does hereby covenant and agree with the Trustee as follows:

1. INSURANCE. Grantor shall keep all improvements on said land, now or hereafter erected, constantly insured for the benefit of the Beneficiary against loss by fire, windstorm, and such other casualties and contingencies, in such manner and in such companies and for such amounts, not less than that amount necessary to pay the sum secured by this Deed of Trust, and as may be satisfactory to the Beneficiary, Grantor shall purchase such insurance, pay all premiums therefore, and shall deliver to Beneficiary such policies along with evidence of premium payment as long as the Note secured hereby remains unpaid. If Grantor fails to purchase such insurance, pay premiums therefore or deliver said policies along with evidence of payment of premiums thereon, then Beneficiary, at his option, may purchase such insurance. Such amounts paid by Beneficiary shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary. All proceeds from any insurance so maintained shall at the option of Beneficiary be applied to the debt secured hereby and if payable in installments, applied in the inverse order of maturity of such installments or to the repair or reconstruction of any improvements located upon the Property.

2. TAXES, ASSESSMENTS, CHARGES. Grantor shall pay all taxes, assessments and charges as may be lawfully levied against said Premises within thirty (30) days after the same shall become due. In the event that Grantor fails to so pay all taxes, assessments and charges as herein required, then Beneficiary, at his option, may pay the same and the amounts so paid shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary.

3. ASSIGNMENTS OF RENTS AND PROFITS. Grantor assigns to Beneficiary, in the event of default, all rents and profits from the land and any improvements thereon, and authorizes Beneficiary to enter upon and take possession of such land and improvements, to rent same, at any reasonable rate of rent determined by Beneficiary, and after deducting from any such rents the cost of reletting and collection, to apply the remainder to the debt secured hereby.

4. PARTIAL RELEASE. Grantor shall not be entitled to the partial release of any of the above described property unless a specific provision providing therefore is included in this Deed of Trust. In the event a partial release provision is included in this Deed of Trust, Grantor must strictly comply with the terms thereof. Notwithstanding anything herein contained, Grantor shall not be entitled to any release of property unless Grantor is not in default and is in full compliance with all of the terms and provisions of the Note, this Deed of Trust, and any other instrument that may be securing said Note.

5. WASTE. The Grantor covenants that he will keep the Premises herein conveyed in as good order, repair and condition as they are now, reasonable wear and tear excepted, and will comply with all governmental requirements respecting the Premises of their use, and that he will not commit or permit any waste.

6. CONDEMNATION. In the event that any or all of the Premises shall be condemned and taken under the power of eminent domain, grantor shall give immediate written notice to Beneficiary and the Beneficiary shall have the right to receive and collect all damages awarded by reason of such taking, and the right to such damages hereby is assigned to Beneficiary who shall have the discretion to apply the amount so received, or any part thereof, to the indebtedness due hereunder and if payable in installments, applied in the inverse order of maturity of such installments, or to any alteration, repair or restoration of the Premises by Grantor.

7. WARRANTIES. Grantor covenants with Trustee and Beneficiary that he is seized of the Premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that he will warrant and defend the title against the lawful claims of all persons whomsoever, except for the exceptions hereinafter stated.

8. SUBSTITUTION OF TRUSTEE. Grantor and Trustee covenant and agree to and with Beneficiary that in case the said Trustee, or any successor

trustee, shall die, become incapable of acting, renounce his trust, or for any reason the holder the Note desires to replace said Trustee, then the holder may appoint, in writing, a trustee to take the place of the Trustee; and upon the probate and registration of the same, the trustee thus appointed shall succeed to all rights, powers and duties of the Trustee.

**THE FOLLOWING PARAGRAPH, 9. SALE OF PREMISES, SHALL NOT APPLY UNLESS THE BLOCK TO THE LEFT MARGIN OF THIS SENTENCE IS MARKED AND/OR INITIALED.**

9. SALE OF PREMISES. Grantor agrees that if the Premises or any part thereof or interest therein is sold, assigned, transferred, conveyed or otherwise alienated by Grantor, whether voluntarily or involuntarily or by operation of law [other than: (i) the creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the Premises; (ii) the creation of a purchase money security interest for household appliances; (iii) a transfer by devise, descent or operation of law on the death of a joint tenant or tenant by the entirety; (vi) the grant of a leasehold interest of three (3) years or less not containing an option to purchase; (v) a transfer to a relative resulting from the death of a Grantor; (vi) a transfer where the spouse or children of the Grantor become the owner of the Premises; (viii) a transfer resulting from a decree of a dissolution in marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Grantor becomes an owner of the Premises; (viii) a transfer into an inter vivos trust in which the Grantor is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the Premises], without the prior written consent of Beneficiary, Beneficiary, at its own option, may declare the Note secured hereby and all other obligations hereunder to be forthwith due and payable. Any change in the legal or equitable title of the Premises or in the beneficial ownership of the Premises, including the sale, conveyance or disposition of a majority interest in the Grantor if a corporation or partnership, whether or not of record and whether or not for consideration, shall be deemed to be the transfer of an interest in the Premises.

10. ADVANCEMENTS. If Grantor shall fail to perform any of the covenants or obligations contained herein or in any other instrument given as additional security for the Note secured hereby, the Beneficiary may, but without obligation, make advances to perform such covenants or obligations, and all such sums so advanced shall be added to the principal sum, shall bear interest at the rate provided in the Note secured hereby for sums due after default and shall be due from Grantor on demand of the Beneficiary. No advancement or anything contained in this paragraph shall constitute a waiver by Beneficiary or prevent such failure to perform from constituting an event of default.

11. INDEMNITY. If any suit or proceeding be brought against the Trustee or Beneficiary or if any suit or proceeding be brought which may affect the value or title of the Premises, Grantor shall defend, indemnify and hold harmless and on demand reimburse Trustee or Beneficiary from any loss, cost, damage or expense and any sums expended by Trustee or Beneficiary shall bear interest as provided in the Note secured hereby for sums due after default and shall be due and payable on demand.

12. WAIVERS. Grantor waives all rights to require marshalling of assets by the Trustee or Beneficiary. No delay or omission of the Trustee or Beneficiary in the exercise of any right, power or remedy arising under the Note of this Deed of Trust shall be deemed a waiver of any default or acquiescence therein or shall impair or waive the exercise of such right, power or remedy by Trustee or Beneficiary at any other time.

13. CIVIL ACTION. In the event that the Trustee is named as a party to any civil action as Trustee in this Deed of Trust, the Trustee shall be entitled to employ an attorney at law, including himself if he is a licensed attorney, to represent him in said action and the reasonable attorney's fee of the Trustee in such action shall be paid by the Beneficiary and added to the principal of the Note secured by this Deed of Trust and bear interest at the rate provided in the Note for sums due after default.

14. PRIOR LIENS. Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

15. OTHER TERMS.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

|  | USE BLACK INK ONLY | _____ (SEAL) |
|---|---|---|
|  |  | Yehia Shaaban Ahmed Hussein |
| ATTEST: |  |  |
|  |  | _____ (SEAL) |
|  |  | Moshira Hassana Ahmed Hussein |
| By: _____ |  |  |
| Secretary |  |  |

SEAL-STAMP          NORTH CAROLINA, _____ County.

N.C. BAR Assoc. Form No. 5 © 1976      Printed by Agreement with the N.C. Bar Association – 1981

CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025

I, a Notary Public of the County and State aforesaid, certify that on this the 8 day of Jan , 2025, Yehia Shaaban Ahmed Hussein (Grantor), ☐ personally known to me or ☐ proven by satisfactory evidence (said evidence being . personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and notarial stamp or seal, this 8 day of Jan , 2025

My Commission Expires: 2-17-25        Catherine Hummel
                                      Catherine Hummel  Notary Public

---

SEAL-STAMP

CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025

NORTH CAROLINA Durham County.

I, a Notary Public of the County and State aforesaid, certify that on this the 18th day of Jan , 2025, Moshira Hassana Ahmed Hussein (Grantor), ☐ personally known to me or ☐ proven by satisfactory evidence (said evidence being NCDL personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and notarial stamp or seal, this 19 day of Jan , 2025

My Commission Expires: 2-17-25        Catherine Hummel
                                      Catherine Hummel  Notary Public

The foregoing Certificate(s) of _____

_____

_____

is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

_____REGISTER OF DEEDS FOR _____ COUNTY

By . _____ Deputy/Assistant-Register of Deeds



BOOK:019529 PAGE:01424 - 01428



# WAKE COUNTY

## NORTH CAROLINA

---

## Please retain yellow trailer page

It is part of the recorded document and must be submitted with the original for re-recording.

---

### Tammy L. Brunner
### Register of Deeds

**Wake County Justice Center**
300 South Salisbury Street, Suite 1700
Raleigh, NC 27601

☐ New Time Stamp        ☐ $25 Non-Standard Fee

☐ Additional Document Fee   ☐ Additional Reference Fee

**This Customer Group**

_____ # of Excessive Entities

_____ # of Time Stamps Needed

**This Document**

_____5____ # of Pages

STATE OF NORTH CAROLINA

COUNTY OF WAKE

L&W Supply Corporation,

      Plaintiff,

v.

Tri-City Service, LLC and Yehia Shaaban
Ahmed Hussein aka Yehia Hussein,

      Defendants.

**FILED**
**DATE:** May 16, 2024
**TIME:** 2:32:52 PM
**WAKE COUNTY**
**CLERK OF SUPERIOR COURT**
**BY:** M. Brann

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24CV014270-910

**ENTRY OF CONFESSION OF
JUDGMENT**

      IT IS ORDERED, ADJUDGED, AND DECREED that, based upon the Confession of Judgment filed and entered into the Court's records on May 8, 2024 and attached hereto as **Exhibit A**, Plaintiff is hereby granted judgment against Defendants Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein, jointly and severally, in the amount of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars pursuant to North Carolina Rule of Civil Procedure 68.1(d).

      **IT IS SO ORDERED.**

This _____ day of \_\_\_\_\_**5/16/2024**\_\_\_\_\_, 2024.

_MLBrann_ Asst. Clerk
Clerk of Superior Court

1

# EXHIBIT A

24CV014270-910

| | |
|---|---|
| STATE OF NORTH CAROLINA | ) IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF WAKE | ) DISTRICT COURT DIVISION |
| L&W Supply Corporation, | ) |
| Plaintiff, | ) **CONFESSION OF JUDGMENT** |
| v. | ) |
| Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein, | ) |
| Defendants. | ) |

WHEREAS, Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein are legally obligated and indebted, jointly and severally, to L&W Supply Corporation ("Plaintiff") in the sum of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars;

WHEREAS, Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein, have agreed to confess judgment, jointly and severally, to Plaintiff in the sum of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars; and

WHEREAS, Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein further authorize Plaintiff to enter and file this Confession of Judgment in the Office of the Clerk of Court for Wake County, North Carolina and in any other jurisdiction in which said Defendants may have assets.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff is hereby granted judgment against the Defendants, Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein, jointly and severally, in the sum of Eight Hundred Two Thousand Four Hundred Eighty and 24/100 ($802,480.24) Dollars; provided that Defendants are entitled to credit for any payments made to Plaintiff, which payments, if any, together with the current amount of the judgment, are stated in the Affidavit attached hereto. The Clerk of Court for Wake County, North Carolina is hereby authorized to enter judgment against Tri-City Service, LLC and Yehia Shaaban Ahmed Hussein aka Yehia Hussein, jointly and severally, in the amount stated in the attached affidavit.

**JUDGMENT CONFESSED AND ADMITTED.**

**Yehia Shaaban Ahmed Hussein**
**aka Yehia Hussein**

Signature: _____          Date: __11/8/24__

STATE OF NORTH CAROLINA          )
                                )
COUNTY OF WAKE                   )

I, the undersigned Notary Public in and for the County and State aforesaid, do hereby certify that Yehia Shaaban Ahmed Hussein aka Yehia Hussein, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official stamp or seal this 18 day of Jan, 2025

_____ (SEAL)
Notary Public for North Carolina
My Commission Expires: 2-17-25

CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025

## [ADDITIONAL SIGNATURE ON FOLLOWING PAGE]

**Tri-City Service, LLC**

By: __Yehia Hussein__
(Print Name)

Its: Managing Member

Date: _____

STATE OF NORTH CAROLINA          )
                                )
COUNTY OF WAKE                   )

I, the undersigned Notary Public in and for the County and State aforesaid, do hereby certify that Yehia Shaaban Ahmed Hussein aka Yehia Hussein, the duly authorized Managing Member of

2

Tri-City Service, LLC, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official stamp or seal this 18 day of Jan , 2024

_(signature)_ (SEAL)
Notary Public for North Carolina
My Commission Expires: 2-17-25

CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025

**Yehia Shaaban Ahmed Hussein
aka Yehia Hussein**

_(signature)_

SWORN TO AND SUBSCRIBED before
me this 18 day of November, 2023.

_(signature)_
Notary Public, State of NC
My commission expires: 2-17-25

CATHERINE HUMMEL
NOTARY PUBLIC
ORANGE County
North Carolina
My Commission Expires 02/17/2025

3

WAKE COUNTY, NC
TAMMY L. BRUNNER
REGISTER OF DEEDS
PRESENTED & RECORDED ON
08-02-2024 AT 13:56:48

BOOK: 019677 PAGE: 00838 - 00839

ALJ 24030301 N013

Drawn By and Mail To: Jeff D. Rogers, Attorney at Law Mail to:  SMITH DEBNAM NARRON DRAKE SAINTSING & MYERS, L.L.P.,PO Box 176010, Raleigh, NC 27619-6010

## SUBSTITUTION OF TRUSTEE

This Substitution of Trustee is made this the __10th__ day of ____June____, 2024, by **L&W SUPPLY CORPORATION**, party of the first part, to **Jeff D. Rogers**, Substitute Trustee, party of the second part. The designations "party of the first part" and "party of the second part" as used herein shall include singular, plural, masculine, feminine, or neuter as required by the context.

**W I T N E S S E T H:**

**WHEREAS** the party of the first part is holder of all of the indebtedness secured by a certain deed of trust executed by YEHIA SHAABAN AHMED HUSSEIN AND MOSHIRA HASSANA AHMED HUSSEIN A/K/A MOSHIRA HASSANA AHMED HUSSEN, to  LEE H. NANNEY, ESQ., Trustee, dated January 18, 2024, and recorded in Book 19529, at Page 1424, in the office of the Register of Deeds of WAKE County, North Carolina; and

**WHEREAS** the party of the first part is desirous of appointing a substitute trustee in the place and stead of the trustee named in the above-referred to deed of trust;

**NOW THEREFORE** pursuant to the authority of granted on Section 45-10 of the General Statutes of North Carolina, and other applicable law, the party of the first part hereby appoints the party of the second part to be the Substitute Trustee in the above-referred deed of trust in the place and stead of the trustee originally therein designated, with all the powers duties and obligations conferred in said deed of trust upon the trustee originally named therein.

Submitted electronically by "Smith Debnam Narron Drake Saintsing & Myers, LLP"
in compliance with North Carolina statutes governing recordable documents
and the terms of the submitter agreement with the Wake County Register of Deeds.

**IN TESTIMONY WHEREOF,** the party of the first part has caused this instrument to be executed in its corporate name by its President, Vice President or other authorized individual with approval of its Board of Directors first duly given, the day and year first above written

L&W SUPPLY CORPORATION

By: _____

Title: _____

STATE OF _South Carolina_

_Greenville_ COUNTY

I, the undersigned, a Notary Public for the state and county aforesaid, certify that _W. Duffie Powers_ (Name) personally came before me this day and acknowledged that he/she is the _Attorney_ (Title) of L&W SUPPLY CORPORATION and that he/she, in said capacity, and by the authority duly given and as the act of the corporation, executed the foregoing on behalf of the corporation.

Witness my hand and official stamp or seal, this _10th_ day of _June_, 2024.

Notary Public _Patricia C. Re_

_Patricia C. Redding_
(print name)

My commission expires: _10/1/24_



**Lee H. Nanney**
Attorney
Direct Line: 864-241-7019
lnanney@GWBlawfirm.com

August 2, 2024

Yehia Shaaban Ahmed Hussein
Moshira Hassana Ahmed Hussein,
a/k/a Moshira Hassana Ahmed Hussen
105 Blue Granite Drive
Holly Springs, NC 27540

              Re:  Debt to L&W Supply Corporation
                    Account Number xxxxx5001

To: Yehia Shaaban Ahmed Hussein and
    Moshira Hassana Ahmed Hussein, a/k/a Moshira Hassana Ahmed Hussen:

      The following information is being sent to you in compliance with North Carolina law.

| | |
|---|---|
| Amount of Principal and Interest we claim due as of the date of this Notice: | <u>$615,858.34</u> |
| Daily Interest charge based on the contract rate as of the date of this Notice: | <u>$121.28</u> |
| Amount of other fees, expenses, charges, or other disbursements that we in good faith believe are due as of the date of this notice: | <u>$0.00</u> |
| The amount we claim is in arrears as of the date of this Notice: | <u>$615,858.34</u> |

    This Notice is not intended to replace or alter the terms of any demand or acceleration letter previously mailed to you. Also, you should refer to the loan documents for information concerning your right, if any, to cure the default.

       If you have any questions concerning the information provided in this Notice, you may contact us at the following address and telephone number:

L&W Supply Corporation
c/o Lee H. Nanney
Attorney at Law
55 Beattie Place
Suite 1200
Greenville, SC 29601
Phone: 864-241-7019

                      By:

This communication is from a debt collector. The purpose of this communication is to collect a debt. This is an attempt to collect a debt, and any information obtained will be used for that purpose.